IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:11CR93 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| ARNOLD P. SCHOLL, | ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Findings and Recommendation (Filing No. 33) issued by Magistrate Judge F.A. Gossett recommending that the motion to suppress (Filing No. 18) and amended motion to suppress (Fling No. 30) filed by the Defendant, Arnold P. Scholl, be denied. Scholl filed a statement of objections to the Findings and Recommendation and a supporting brief (Filing No. 39) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a).

Scholl is charged in a one-count Indictment with possession with intent to distribute marijuana. The Indictment includes a forfeiture allegation. He seeks suppression of evidence and statements obtained as a result of his March 19, 2011, traffic stop and search of his vehicle.

Following an evidentiary hearing, Judge Gossett issued oral findings of fact and conclusions of law, followed by a one-page written Findings and Recommendation. Judge Gossett concluded: probable cause existed for the traffic stop; Ashland Police Officer Engel did not have reasonable suspicion to extend the stop; the traffic stop was not unreasonably prolonged, and the length of continued detention was not unreasonable; the canine was deployed, and the dog indicated, providing probable cause for the search of the vehicle. Judge Gossett therefore recommends that the motion to suppress be denied.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Gossett provided an account of the events surrounding the traffic stop. The Court has considered the transcript of the hearing conducted by Judge Gossett and carefully viewed the evidence, including the DVD. There are no objections to Judge Gossett's factual findings, and based on a de novo review of the record the Court adopts those findings. Summarized below are pertinent portions of the testimony from the hearing on the motion.

**Officer Engel's Credibility**

Officer Chris Engel of the Ashland, Nebraska, police department was the arresting canine officer. During his direct testimony, Officer Engel answered affirmatively when the Assistant United States Attorney ("AUSA") asked whether Officer Engel was terminated from the Kimball County Sheriff's Office in 2008, because Kimball County Sheriff Harry Gillway believed Officer Engel had been found "less than credible" by a federal judge.[1] (Tr. 48.) The Court then admitted into evidence government's Exhibit 2, a copy of a Report and Recommendation written by former United States Magistrate David L. Piester in

---

[1] Officer Engel's termination from the Kimball County Sheriff's office was upheld by the Kimball County commissioners. (Tr. 49.)

4:08CR3020, *United States v. Charles Keith Moss*. In his Report and Recommendation, Judge Piester noted an inconsistency between Officer Engel's testimony and the video tape of the traffic stop in question. He found Officer Engel's testimony not credible on that point. *United States v. Keith Moss,* No. 4:08CR3020, at 8 n.4 (June 10, 2008). Officer Engel remains a certified Nebraska law enforcement officer, and he told the Ashland Police Chief of the situation in *Moss* before the Ashland Police Chief hired him. (Tr. 50.)

The defense called Sheriff Gillway to testify that Officer Engel did not have a reputation for truth and veracity in the Kimball County, Nebraska, law enforcement community. Sheriff Gillway testified that he terminated Officer Engel for dishonesty and insubordination. (Tr. 79.) During Sheriff Gillway's direct testimony, defense counsel made an offer of proof that, if Sheriff Gillway were allowed to testify on this point, he had a conversation with a member of the United States Attorney's Office regarding Officer Engel and the *Moss* case. Defense counsel sought to elicit further testimony regarding this subject as well as Officer Engel's termination from the Kimball County police department, noting that the government first raised the issue, but Judge Gossett sustained the government's objections to further questioning.[2] Judge Gossett reasoned that credibility is always an issue, and while Officer Engel's general reputation for truth and veracity may be a subject of inquiry, his termination is a collateral matter improper as a subject for

---

[2]The AUSA noted that an in camera hearing had been held before Judge Gossett with respect to Officer Engel's termination paperwork, which had been disclosed to defense counsel. The AUSA also noted that Judge Gossett had allowed the defense time to file an amended motion and address the issues relating to Officer Engel's credibility, and the government was allowed response time. However, the Defendant did not raise the issue in his amended motion. (Tr. 72; Filing No. 30.)

impeachment. (Tr. 72-74.) Judge Gossett relied on Federal Rule of Evidence 608 (Tr. 86), which provides in pertinent part:

> **(a) Opinion and reputation evidence of character.** The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.
>
> **(b) Specific instances of conduct.** Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Fed. R. Evid. 608.

**The Traffic Stop**

Scholl testified that immediately before being stopped, his speedometer read 44 miles per hour. (Tr. 67.) However, Officer Engel testified that he stopped Scholl because he was traveling at 52 miles per hour in a 45 mile-an-hour zone based upon radar and Officer Engel's visual estimate. (Tr. 24.) Officer Engel testified that he received training with respect to operating a radar system and received the appropriate certification. (Tr. 5-6.) A portion of radar training involves testing of the officer's ability to estimate speed visually within 5 miles. (Tr. 6.)

**The Movement of the Camera**

Officer Engel testified that after he found currency in Scholl's car he went to his truck to make sure his camera would capture the counting of the currency. When he did so, he

4

discovered the camera had "been moved." (Tr. 33.) The DVD evidences a change in the position of the camera before the canine sniff, and after the camera angle shifted the entire vehicle was no longer within view of the camera lense. (Exhibit 1.) Scholl testified that he did not intentionally or accidentally move the camera, placed inside Officer Engel's pickup truck, that was capturing the traffic stop and canine search. (Tr. 69.)

**Judge Gossett's Conclusion Regarding Officer Engel's Credibility**

Judge Gossett concluded that Officer Engel was credible in this case, specifically with respect to the speed detected by radar and his view of the vehicle and the canine's two alerts.

## DISCUSSION

Scholl argues in his objections to the Findings and Recommendation that his counsel was "unduly restricted in attacking the credibility" of Officer Engel. Scholl argues that Judge Gossett relied heavily upon Officer Engel's testimony with respect to the following: 1) the speed of Scholl's vehicle that led to the stop; 2) whether the dog was encouraged to bark, which was how the dog first alerted, particularly since the camera was moved so the entire canine sniff could not be viewed on the DVD. As support, Scholl cites *Steinmark v. Parratt,* 427 F. Supp. 931, 937 (D. Neb. 1977), which regards the credibility of a paid government informant.

Initially, the Court notes that the issue regarding Officer Engel's credibility was waived initially when it was not raised in the amended motion to suppress. Moreover, the Court does not view *Steinmark* as convincing or relevant authority in this instance. The Court agrees with Judge Gossett that appropriate guidance is found in Rule 608. Accordingly,

5

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 33) is adopted in its entirety;

2. The Defendant's objections to the Findings and Recommendation (Filing No. 39) are overruled; and

3. The Defendant's motion to suppress (Filing No. 18) and amended motion to suppress (Filing No. 30) are denied.

DATED this 14th day of September, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge